IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA   )
                           )
                           )
v.                         )    CR. NO. 2:06-cr-0090-MHT
                           )
                           )
BENEDICT OLUSOLA ADANDE    )

## PLEA AGREEMENT

DEFENSE COUNSEL:            JENNIFER HART

ASSISTANT U.S. ATTORNEY:    TODD A. BROWN

### COUNT AND STATUTES CHARGED:

| | |
|---|---|
| Count 1 | 18 U.S.C. § 1344 - Bank Fraud |
| Count 2 | 18 U.S.C. § 1344 - Bank Fraud |
| Count 3 | 18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft |
| Count 4 | 42 U.S.C. § 408(a)(7)(B) - Falsely Representing Social Security Number |

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

| | |
|---|---|
| Count 2 | 18 U.S.C. § 1344 - Bank Fraud |
| Count 4 | 42 U.S.C. § 408(a)(7)(B) - Falsely Representing Social Security Number |

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 2    NMT $1,000,000; or twice gross loss to victim
           or twice gross gain to defendant, whichever is greatest
           NMT 30Y, or both
           NMT 5Y Sup Rel;
           $100 AF; VWPA

Count 4                NMT $250,000; or twice gross
                       Loss to victim or twice gross gain to
                       defendant, whichever is greatest;
                       NMT 5Y, or both;
                       NMT 3Y Sup Rel;
                       $100 AF; VWPA

**ELEMENTS OF THE OFFENSE:**

Count 2                <u>18 U.S.C. § 1344</u>

   First:     Defendant knowingly executed a scheme to defraud a financial institution and obtain money under the custody and control of a financial institution by means of false and fraudulent representations;

   Second:    Defendant did so with intent to defraud; and,

   Third:     Financial institution was insured by the United States Government.

Count 4                <u>42 U.S.C. § 408(a)(7)(B)</u>

   First:     That the Defendant knowingly represented to someone that the Social Security number described in the indictment had been assigned to [him] [her] by the Commissioner of Social Security;

   Second:    That such Social Security number, in fact, had not been assigned at that time to the Defendant by the Commissioner of Social Security; and

   Third:     That the Defendant made such representation willfully, and with the intent to deceive, for any purpose.

To "act with intent to deceive" simply means to act for the deliberate purpose of misleading someone. It is not necessary for the Government to prove, however, that anyone else was in fact misled or deceived.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Todd A. Brown, Assistant United States Attorney, and Jennifer Hart, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into

discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1.  Upon entering a plea of guilty by the defendant to Counts 2 and 4 of the Indictment, the attorney for the government will do the following:

    a.  The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2.  The government will move to dismiss Counts 1 and 3 of the Indictment at sentencing.

3.  The government agrees that pursuant Rule 11, Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines §5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure, a reduction in sentence for Substantial Assistance to Authorities may be appropriate contingent upon the totality of the defendant's assistance. **The government will have sole discretion in exercising its authority as to the timing and amount of the recommended departure.**

4.  The United States reserves the right to inform the Court and the Probation

Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

   a. To plead guilty to Counts 2 and 4 of the Indictment.

   b. Defendant will agree to make full restitution as determined and calculated by the United States Probation, Middle District of Alabama.

   c. Defendant will not commit and state, local or federal offenses.

   d. Defendant will abide by the Cooperation Agreement detailed below.

## COOPERATION AGREEMENT

6. The defendant agrees to make a good faith effort to assist the government in the investigation and prosecution of other persons involved in any fraudulent active under both state and federal law and assist with investigating and prosecuting any other illegal activity of which the defendant has personal knowledge. **Merely providing information does not amount to substantial assistance.**

   a. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond

4

to all questions asked of him by law enforcement officers and attorneys for the government. He agrees to fully and truthfully disclose to the government everything he knows about any and all documents and materials in his possession that relate to violations of any federal statutes and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so.

      b.     Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

      c.     If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the Indictment/Information and documents that he has himself disclosed or furnished to the government during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this

agreement. **Defendant further understands that upon any breach of this plea agreement, by the defendant, he will not be entitled to withdraw his guilty plea in this case.**

## FACTUAL BASIS

From about the month of January, 2006, continuing up to and including about the month of February, 2006, in Pike and Montgomery Counties, Alabama, and elsewhere within the Middle District of Alabama, the defendant, BENEDICT OLUSOLA ADANDE, knowingly and willfully executed and attempted to execute a scheme to obtain the moneys, funds, assets, and other property owned by, and under the custody and control of, a financial institution, namely Bank of America, N.A, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses and representations. The scheme to defraud consisted of the defendant altering the mailing address of the lawful account holder, hereinafter identified as A.B, so that the debit card associated with that Bank of America, N.A., account would be delivered to the defendant. The defendant then used A.B.'s debit card to obtain cash through Army Aviation Credit Union, Troy, Alabama, ATM withdrawals, Colonial Bank, Troy, Alabama, ATM withdrawals, and Regions Bank, Troy, Alabama, ATM withdrawals, and other ATM withdrawals; purchase postal money orders; and obtain services and merchandise from retailers and other businesses  The scheme resulted in the defendant fraudulently obtaining over $16,900, in cash, services, and merchandise, all in violation of Title 18, United States Code, Section 1344.

Further, from on or about March 8, 2006, continuing up to on or about March 10, 2006, in Montgomery and Pike Counties, Alabama, and elsewhere within the Middle District of Alabama, the defendant, BENEDICT OLUSOLA ADANDE, did knowingly and with intent to deceive, falsely represent a number to be the Social Security account number assigned to him by the Secretary when

in fact such was not the Social Security account number assigned to him by the Secretary, in violation of Title 42, United States Code, Section 408(a)(7)(B).

### **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

7. The defendant, before entering a plea of guilty to Counts 2 and 4 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment is to be paid by the defendant on the date of sentencing.

   c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that

if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

  g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

  h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  i. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

This 16th day of November, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr.
Chief, Criminal Section
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

_____
Todd A. Brown
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JENNIFER HART.

_____
BENEDICT OLUSOLA ADANDE
Defendant

_____17/11/06_____
Date


_Jennifer A. Hart_____
Jennifer Hart
Attorney for the Defendant

_____11-17-06_____
Date